IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NORMAN BAMBER, M.D., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:17-CV-00229-ODS |
| PRIME HEALTHCARE KANSAS CITY – PHYSICIAN SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

**NORMAN BAMBER, M.D.'S REPLY SUGGESTIONS IN SUPPORT OF MOTION IN LIMINE SEEKING TO EXCLUDE TESTIMONY OF DR. DAVID SIEGEL**

This is a breach of contract case with a specific focus on the intent of the parties in entering into the contract. Defendant Physician Services is impermissibly seeking to elicit testimony from an expert on contractual interpretation and the intent of contracting parties. The cases cited by Physician Services do not support its argument that such expert testimony is proper, and Dr. Siegel should be precluded from testifying as requested in Dr. Bamber's fourth Motion in Limine.

**4.     The testimony of defense expert Dr. Siegel should be excluded.**

Physician Services' reliance on *Cedar Hill Hardware & Construction Supply, Inc. v. Ins. Corp. of Hannover* is misplaced as that opinion is not focused on contract interpretation. The expert in *Cedar Hill Hardware* was interpreting materiality of certain information (or lack thereof) in making insurance underwriting decisions and handling insurance claims. 563 F.3d 329, 343 (8th Cir. 2009). Likewise, *TCBY Systems, Inc. v. RSP Co.* is not on point. *TCBY Systems* dealt with a franchise agreement that required the franchisor TCBY to provide "reasonable assistance in selecting and evaluating proposed store locations" to its franchisee. 33 F.3d 925, 926 (8th Cir.

1994). The court in *TCBY Systems* found that "reasonable assistance" was an **ambiguous** term that permitted the consideration of expert testimony to explain that term. *Id*. at 929 (emphasis added).

Judge Sachs previously found that the Employment Agreement was unambiguous [Doc. 117, at p. 1] – against much protest from Dr. Bamber that the Employment Agreement was, at best, ambiguous as to the requirement to perform inpatient consultations. While Dr. Bamber submits that the summary judgment order was in error, it would be patently unfair to rule that the Employment Agreement unambiguously requires Dr. Bamber to perform inpatient consultations and also allow Dr. Siegel to provide expert testimony.

Physician Services argues that Dr. Siegel can provide expert testimony to "help the jury understand what expectations a hospital such as Prime would have had in contracting with a physician such as Plaintiff." [Doc. 148, at p. 3.] Physician Services should be limited to providing testimony about its expectations and circumstances in entering the Employment Agreement through its own fact witnesses. None of the five Restatement factors cited by Physician Services warrant expert opinions – all of them should be covered by fact witnesses. Permitting Dr. Siegel to testify is essentially allowing him to interpret the intent of the parties to the Employment Agreement. That is an improper subject of expert testimony, and it should be excluded.

If the Court is going to allow Dr. Siegel to provide testimony on Physician Services' expectations, then that begs a serious question as to whether the Court needs to revisit the prior finding that the Employment Agreement unambiguously requires Dr. Bamber to perform inpatient consultations. Under *TCBY Systems*, this testimony may be proper if that term is ambiguous.

Physician Services is also incorrect that Dr. Siegel is not providing legal conclusions. Dr. Siegel is invading the province of the Court in providing a legal interpretation of Dr. Bamber's requirements to comply with the Employment Agreement and invading the province of the jury by

weighing the evidence. *See, e.g.*, *S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (expert testimony on legal matters is inadmissible); *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (improper for expert to weigh evidence). The testimony of Dr. Siegal should be excluded as contrary to the facts, misleading, and falling outside the permitted testimony permitted of experts under Rule 702.

## CONCLUSION

For the reasons set forth above and in Dr. Bamber's Motions in Limine [Doc. 127], the Court should grant Dr. Bamber's Motion *in Limine* excluding the testimony of Dr. Siegel.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: /s/ David R. Green
ANTHONY F RUPP, #39081
DAVID R. GREEN, #67113
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210-2000
(913) 253-2127
(913) 498-2101 Facsimile
Email: Trupp@foulston.com
Email: Dgreen@foulston.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

   I hereby certify, on this 12th day of August, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the ECF system, which will automatically send a notice of electronic filing to the following:

David R. Frye
Rebecca J. McMahon
LATHROP & GAGE LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO  64108-2618
dfrye@lathropgage.com
rmcmahon@lathropgage.com

*Attorneys for Defendant Prime Healthcare*
*Kansas City – Physician Services, LLC*

                By  *s/ David R. Green*
                   David R. Green